William D. Brandt, OSB #720366
Attorney at Law
494 State Street, Suite 300B
Salem OR 97301
      Telephone:  503-485-4168
      Email: Bill@BrandtLawOffices.com

Attorney for Plaintiff


IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| EAT ME LURES INC., an Oregon corporation,<br><br>Plaintiff,<br><br>vs.<br><br>CAFÉPRESS LLC, a Delaware limited liability corporation; FRED E. DURHAM, III; PHILLIP MILLNER; and ROBERT D. BARTON,<br><br>Defendants. | Case No. 6:20-cv-01406-MC<br><br>COMPLAINT FOR TRADEMARK INFRINGMENT<br><br>JURY TRIAL DEMANDED |

JURY TRAIL DEMAND

Plaintiff respectfully demands a trial by jury on all claims and issues so triable.

COMPLAINT

Plaintiff Eat Me Lures Inc. ("Eat Me Lures") states the following for their Complaint against

Cafepress LLC and individuals Fred E. Durham, III, Phillip Millner, and Robert D. Barton (collectively

"Cafepress" or "Defendants").

////

////


Page   1 - COMPLAINT FOR TRADEMARK INFRINGEMENT

NATURE OF THE CASE

1.

This is an action for trademark infringement and dilution, unfair competition, and unfair business practices arising under the trademark laws of the United States (codified at 15 U.S.C. §§ 1051 et seq.) ("Lanham Act"); the anti-dilution laws of several states; the fair business practices and unfair deceptive trade practices acts of several states; and the common law.

JURISDICTION AND VENUE

2.

This Court has subject matter jurisdiction under section 39 of the Lanham Act, 15 U.S.C. § 1121. Subject matter jurisdiction over Plaintiff Eat Me Lures' related state and common law claims is proper pursuant to 28 U.S.C. §§ 1338 and 1367.

3.

This Court has personal jurisdiction over Defendants because, inter alia, Defendants have purposefully availed themselves of the right to do business in this district via their website cafepress.com and, under information and belief, via sales of infringing products to customers within this district including distribution of infringing materials that directly injure Plaintiff Eat Me Lures through lost sales and damage to its reputation.

4.

Venue is proper in the District Court for the District of Oregon, pursuant to 28 U.S.C. §§ 1391(b), because a substantial part of the acts or omissions giving rise to Plaintiff's claims occurred in this District.

////

////

PARTIES

5.

Plaintiff Eat Me Lures is an Oregon corporation with its principal business address at 3653 Silverton Road NE, Salem, Oregon 97305.  Plaintiff directs all operations out of its offices in Oregon, including sales, brand marketing, product marketing, product design, public relations, distribution, enforcement, and licensing of Eat Me Lures-branded products marketing, sales, and product design activities.

6.

On information and belief, defendant Cafepress LLC is a Delaware corporation with its principal place of business at 11909 Shelbyville Road, Louisville, Kentucky 40243.  Cafepress sells merchandise on its website, www.cafepress.com, where purchases of infringing products by customers are made and paid for by customers to Cafepress LLC.

7.

On information and belief, defendant Cafepress operates the website cafepress.com through which infringing products at issue in this case are sold and shipped to customers.

8.

On information and belief, defendant Fred E. Durham III is the Chief Executive Officer of Cafepress LLC.

9.

On information and belief, defendant Phillip Millner is the Chief Financial Officer of Cafepress LLC.

////

////

Page    3 - COMPLAINT FOR TRADEMARK INFRINGEMENT

10.

On information and belief, defendant Robert D. Barton is the Chief Operating Officer of Cafepress LLC.

GENERAL ALLEGATIONS

11.

Eat Me Lures has developed and trademarked a distinctive line of products including fishing lures and promotional items such as t-shirts and hats.  Eat Me Lures markets its products at its retail location, at trade shows, at fishing tournaments, online through its website, and through print ads.

12.

Eat Me Lures is the owner of a federal trademark registration, Reg. No. 1,918,151, issued by the United States Patent and Trademark Office ("USPTO") on September 12, 1995, for the term "Eat Me" in connection with sale of its Eat Me Lures-branded sporting goods, fishing lures and parts thereof and accessories.  A copy of the Trademark Registration for this mark is attached as Exhibit A.

13.

Eat Me Lures is the owner of a federal trademark registration, Reg. No. 3,707,785, issued by the United States Patent and Trademark Office ("USPTO") on November 10, 2009, for the term "Eat Me Lures" in connection with the on line sale of its Eat Me Lures retail store services featuring fishing lures and parts therefore containers and bags, clothing for anglers, and operates a website promoting the fishing tournaments of others by means of an online events calendar.   A copy of the Certificate of Registration for this work is attached as Exhibit B.

14.

Eat Me Lures is the owner of a federal trademark registration, Reg. No. 3,125,633, issued by the United States Patent and Trademark Office ("USPTO") on August 8, 2006, for the term "Eat Me" in

connection with the sale of its Eat Me Lures' clothing, namely t-shirts and caps.   A copy of the

Certificate of Registration for this work is attached as Exhibit C.

15.

On information and belief, the Cafepress Defendants market their own t-shirts and other products

for sale on their Cafepress website (cafepress.com) and through targeted Facebook ads, that are

essentially identical to Plaintiff's products.  These Cafepress products are of demonstrably poorer

quality than the authentic Eat Me Lures-brand products designed and sold by Plaintiff Eat Me Lures.

16.

Exhibit D hereto are promotional pages from defendants' cafepress.com website utilizing

plaintiffs' protected tradename.

17.

On May 21, 2020 plaintiff sent a cease and desist letter to defendant.  A copy of that letter is

attached hereto as Exhibit E.

FIRST CLAIM FOR RELIEF

FEDERAL TRADEMARK INFRINGEMENT

(15 U.S.C. § 1114)

(By Plaintiff Against Defendants)

18.

Plaintiff repeats and incorporates by reference the allegations in the preceding paragraphs.

19.

Defendants' use of the Eat Me mark in their advertising is likely to and has caused confusion,

deception, and mistake by creating the false and misleading impression that Defendants' goods are

manufactured or distributed by Plaintiff, the owner of the federal registrations of the Eat Me marks

(Exhibits A, B and C), or are associated or connected with Plaintiff, or have the sponsorship, endorsement, or approval of Plaintiff.

20.

Defendants' use of the Eat Me mark in their advertising and promotional materials is confusingly similar-and is intended to in fact be identical-to Plaintiff Eat Me Lures' federally registered Eat Me marks (Exhibits A, B and C) in violation of 15 U.S.C. § 1114.  Defendants' activities are causing and, unless enjoined by this Court, will continue to cause a likelihood of confusion and deception of members of the trade and public, and, additionally, injury to Plaintiff's goodwill and reputation as symbolized by Plaintiff's Eat Me mark, for which Plaintiff has no adequate remedy at law.

21.

Defendants' actions demonstrate an intentional, willful, and malicious to trade on the goodwill associated with Plaintiff's Eat Me mark to Plaintiff's great and irreparable harm.

22.

Defendants have caused and are likely to continue causing substantial injury to the public and to Plaintiff, and Plaintiff is entitled to injunctive relief and to recover Defendants' profits, actual damages, enhanced profits and damages, costs, and reasonable attorneys' fees under 15 U.S.C. §§ 1114, 1116, and 1117.

SECOND CLAIM FOR RELIEF

FEDERAL UNFAIR COMPETITION

(15 U.S.C. § 1125(a))

(By Plaintiff Against Defendants)

23.

Plaintiff repeats and incorporates by reference the allegations in the preceding paragraphs.

24.

Defendants' use of Plaintiff's Eat Me mark in their advertising and promotional products (Exhibit D) has caused and is likely to cause confusion, deception, and mistake by creating the false and misleading impression that Defendants' goods are manufactured or distributed by Defendant Cafepress Products, or are affiliated, connected, or associated with Plaintiff, or have the sponsorship endorsement, or approval of Plaintiff.

25.

Defendants have made false representations, false descriptions, and false designations of, on, or in connection with its goods in violation of 15 U.S.C. § 1125(a).  Defendants' activities have caused and, unless enjoined by this Court, will continue to cause a likelihood of confusion and deception of members of the trade and public, and, additionally, injury to Plaintiff's goodwill and reputation as symbolized by Plaintiff's Eat Me mark, for which Plaintiff has no adequate remedy at law.

26.

Defendants' actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with Plaintiff's Eat Me mark to Plaintiff's great and irreparable injury of Plaintiff Eat Me Lures.

27.

Defendants have caused and are likely to continue causing substantial injury to the public and to Plaintiff Eat Me Lures, and Plaintiff is entitled to injunctive relief and to recover Defendants' profits, actual damages, enhanced profits and damages, costs, and reasonable attorneys' fees under 15 U.S.C. §§ 1114, 1116, and 1117.

////

////

THIRD CLAIM FOR RELIEF

FEDERAL TRADEMARK DILUTION

(15 U.S.C. § 1125©)

(By Plaintiff Against Defendants)

28.

Plaintiff repeats and incorporates by reference the allegations in the preceding paragraphs.

29.

Plaintiff has exclusively and continuously promoted and used the Eat Me mark, both in the United States and throughout the world.  The Eat Me mark has become a famous and well-known symbol within its industry well before Defendants began using the Eat Me mark in association with their own low-quality counterfeit goods.

30.

Defendants are making use in commerce of the Eat Me mark, which dilutes and is likely to dilute the distinctiveness of Plaintiff's Eat Me mark by eroding the public's exclusive identification of this famous Eat Me mark with Plaintiff, tarnishing and degrading the positive associations and prestigious connotations of the mark, and otherwise lessening the capacity of the mark to identify and distinguish Plaintiff's goods.

31.

Defendants' actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with Plaintiff's Eat Me mark to Plaintiff's great and irreparable injury.

32.

Defendants have caused and are likely to continue to cause irreparable injury to Plaintiff's goodwill and business reputations, and dilution of the distinctiveness and value of Plaintiff's famous and

distinctive Eat Me mark in violation of 15 U.S.C. § 1125(c).  Plaintiff therefore is entitled to injunctive relief and to recover Defendants' profits, actual damages, enhanced profits and damages, and reasonable attorneys' fees under 15 U.S.C. §§ 1114, 1116, and 1117.

FOURTH CLAIM FOR RELIEF

UNFAIR AND DECEPTIVE TRADE PRACTICES

(By Plaintiff Against Defendants)

33.

Plaintiff repeats and incorporates by reference the allegations in the preceding paragraphs.

34.

Defendants have been and are passing off its goods as those of Plaintiff causing a likelihood of confusion or misunderstanding as to the source, sponsorship, or approval of Defendants' goods, causing a likelihood of confusion as to Defendants' affiliation, connection, or association with Plaintiff, and otherwise damaging the public.

35.

Defendants' conduct constitutes unfair and deceptive acts or practices in the course of a business, trade, or commerce in violation of the unfair and deceptive trade practices statutes of several states, including California CAL. BUS. & PROF. CODE § 17200, et seq.  (West 2009); Colorado, COLO. REV. STAT. ANN. §§ 6-1-101 to 6-1-115 (West 2009); Delaware, DEL. CODE ANN. Tit. 6, §§ 2531 to 2536 (2009); Georgia, GA. CODE ANN. §§ 10-1-370 to 10-1- 375 (2009); Hawaii, HAW. REV. STAT. §§ 481A-1 to 481A-5 (2009); Illinois,  ILL. COMP. STAT. ANN. Ch. 815, 510/1 to 510/7 (2009); Maine, ME. REV. STAT. ANN. Tit. 10, §§ 1211 to 1216 (West 2009); Minnesota, MINN. STAT. ANN. § 325D.43 to .48 (West 2020); Nebraska, NEB. REV. STAT. §§ 87-301 to 87-306 (2009); New Jersey, N.J. STAT. ANN. §§ 56:8-1 to 56:8-91 (West 2009); New Mexico, N.M. STAT. ANN. §§

57-12-1 to 57-12-22 (Michie 2009); New York, N.Y. GEN. BUS. Law § 349 (McKinney 2009); Ohio, OHIO REV. CODE ANN. §§ 4165.01 to 4165.04 (Baldwin 2009); Oklahoma, OKLA. STAT. ANN. Tit. 78, §§ 51 to 55 (West 2009); and Oregon, OR. REV. STAT. §§ 646.605 through 646.656 (West 2009).

36.

Defendants' unauthorized use of a confusingly similar-and in fact identical-imitation of Plaintiff's Eat Me mark has caused and is likely to continue to cause substantial injury to the public and to Plaintiff.  Plaintiff, therefore, is entitled to injunctive relief and to recover damages and, if appropriate, punitive damages, costs, and reasonable attorneys' fees.

FIFTH CLAIM FOR RELIEF

COMMON LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION

(By Plaintiff Against Defendants)

37.

Plaintiff repeats and incorporates by reference the allegations in the preceding paragraphs.

38.

Defendants' acts constitute common law trademark infringement and unfair competition, and have created and will continue to create, unless restrained by this Court, a likelihood of confusion to the irreparable injury of Plaintiff.  Plaintiff has no adequate remedy at law for this injury.

39.

On information and belief, Defendants acted with full knowledge of Plaintiff's use of, and statutory and common law rights to, Plaintiff's Eat Me mark and without regard to the likelihood of confusion of the public created by Defendants' activities.

////

40.

Defendants' actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with Plaintiff's Eat Me mark and to the great and irreparable injury of Plaintiff.

41.

As a result of Defendants' acts, Plaintiff has been damaged in an amount not yet determined or ascertainable.  At a minimum, however, Plaintiff is entitled to injunctive relief, to an accounting of Defendants' profits, damages, and costs.  Further, in light of the deliberate and malicious copying and distribution of Plaintiff's trademarked materials and use of Plaintiff's registered Eat Me trademark in association with sales of the their counterfeit reading pillow, and the need to deter Defendants from engaging in similar conduct in the future, Plaintiff is entitled to punitive damages.

SIXTH CLAIM FOR RELIEF

STATE TRADEMARK DILUTION AND INJURY TO BUSINESS REPUTATION

(By Plaintiff Against Defendants)

42.

Plaintiff repeats and incorporates by reference the allegations in the preceding paragraphs.

43.

Plaintiff Eat Me Lures has exclusively and continuously promoted and used the Eat Me mark throughout the United States, and the Eat Me mark has become a distinctive, famous, and well-known symbol within its industry of Plaintiff's goodwill before Defendants began infringing the Eat Me mark in association with their own low-quality counterfeit goods.

44.

Defendants' conduct dilutes and is likely to continue to dilute the distinctiveness of Plaintiff's Eat Me mark by eroding the public's exclusive identification of this famous Eat Me mark with Plaintiff's

goods, and tarnishing and degrading the positive associations and prestigious connotations of the mark, and otherwise lessening the capacity of the mark to identify and distinguish Plaintiff's goods.

45.

Defendants are causing and will continue to cause irreparable injury to Plaintiff's goodwill and business reputation and dilution of the distinctiveness and value of Plaintiff's famous and distinctive mark in violation of the Oregon anti-dilution statute, O.R.S. § 647.107 (2009), as well as the anti-dilution laws of several other states, including Alabama, ALA. CODE § 8-12-17 (2009); Alaska, ALASKA STAT. § 45.50.180 (Michie 2009); Arizona, ARIZ. REV. STAT. ANN. § 44-1448.01 (West 2009); Arkansas, ARK. CODE ANN. § 4-71-213  (2009); California, CAL. BUS. & PROF. CODE § 14247 (West 2009); Connecticut, CONN. GEN. STAT. ANN § 35-11i(c) (West 2009); Delaware, DEL. CODE ANN. tit. 6, § 3313 (2009); Florida, FLA. STAT. ANN. § 495.151 (West 2007); Georgia, GA. CODE ANN. § 10-1-451 (2009); Hawaii, HAW. REV. STAT. ANN. § 482-32 (Michie 2009); Idaho, IDAHO CODE § 48-513 (Michie 2009); Illinois, 765 ILL. COMP. STAT. ANN. 1036/65 (2009); Iowa, IOWA CODE ANN. § 548.113 (West 2009); Indiana, IN. CODE 24-2-13.5 (West 2009); Kansas, KAN. STAT. ANN. § 81-214 (2009); Louisiana, LA. REV. STAT. ANN. § 51:223.1 (West 2009); Maine, ME. REV. STAT. ANN. tit. 10, § 1530 (West 2000); Massachusetts, MASS. GEN. LAWS. ANN. ch. 110H, § 13 (West 2009); Minnesota, MINN. STAT. ANN. § 333.285 (West 2009); Mississippi, MISS. CODE. ANN. § 75-25-25 (2009); Missouri, MO. ANN. STAT. § 417.061(1) (West 2009); Montana, MONT. CODE ANN. § 30-13-334 (2009); Nebraska, NEB. REV. STAT. ANN. § 87- 140 (Michie 2009); Nevada, NEV. REV. STAT. 600.435 (2007); New Hampshire, N.H. REV. STAT. ANN. § 350-A:12 (2009); New Jersey, N.J. STAT. ANN. 56:3-13.20 (West 2009); New Mexico, N.M. STAT. ANN. § 57-3B-15 (Michie 2009); New York, N.Y. GEN. BUS. Law § 360-l (2009); Pennsylvania, 54 PA. CONS. STAT. ANN. § 1124 (West 2009); Rhode Island, R.I. GEN. LAWS § 6-2-12 (2009); South Carolina, S.

C. CODE ANN. § 39-15-1165 (2009); Tennessee, TENN. CODE ANN. § 47-25-513 (2009); Texas, TEX. BUS. & COM. CODE ANN. § 16.29 (Vernon 2009); Utah, UT. CODE ANN. § 70-3a-403 (2009); 25 Washington, WASH. REV. CODE ANN. § 19.77.160 (West 2009); West Virginia, W.V. STAT. ANN. 47-2-13 (Michie 2009); and Wyoming, WYO. STAT. ANN. § 40-1-115 (Michie 2009).

46.

Plaintiff Eat Me Lures, therefore, is entitled to injunctive relief, damages, and costs, as well as, if appropriate, enhanced damages, punitive damages, and reasonable attorneys' fees.

RELIEF REQUESTED

WHEREFORE, Plaintiff prays that:

A.      Defendants and all of its agents, officers, employees, representatives, successors, assigns, attorneys, and all other persons active for, with, by, through, or under authority from Defendants, or in concert or participation with Defendants, and each of them, be enjoined from:

i.      copying, distributing, or making any derivative works of materials protected by trademark and owned by Plaintiff Eat Me Lures;

ii.      advertising, marketing, promoting, offering for sale, distributing, or selling the infringing product and accompanying materials;

iii.      using Plaintiff's Eat Me mark or any other copy, reproduction, colorable imitation, or simulation of Plaintiff's Eat Me mark on or in connection with any of Defendants' goods;

iv.      using any trademark, name, logo, design, or source designation of any kind on or in connection with Defendants' goods or services this is a copy, reproduction, colorable imitation, or simulation of, or confusingly similar to any of Plaintiff's trademarks, trade dresses, names, or logos;

v.      using any trademark, name, logo, design, or source designation of any kind on or in connection with Defendants' goods that is likely to cause confusion, mistake, deception, or public

misunderstanding that such goods or services are produced or provided by Plaintiff, or are sponsored or authorized by Plaintiff, or are in any way connected or related to Plaintiff;

      vi.   using any trademark, name, logo, design, or source designation of any kind on or in connection with Defendants' goods that dilutes or is likely to dilute the distinctiveness of Plaintiff's trademarks, trade dresses, names, or logos;

      vii.   passing off, palming off, or assisting in passing off or palming off Defendants' goods as those of Plaintiff, or otherwise continuing any and all acts of unfair competition as alleged in this Complaint; and

      viii.   advertising, promoting, offering for sale, or selling the infringing Eat Me products.

B.   Defendants be ordered to cease offering for sale, marketing, promoting, and selling and to recall all infringing trademarked products, or any other goods bearing the infringing Eat Me mark or any other a confusingly similar imitation of the Eat Me mark that are in Defendants' possession or have been shipped by Defendants or under its authority, to any customer, including, but not limited to, any wholesaler, distributor, retailer, consignor, or marketer, and also to deliver to each such store or customer a copy of this Court's order as it relates to said injunctive relief against Defendants;

C.   Defendants be ordered to deliver up for impoundment and for destruction, all goods, bags, boxes, labels, tags, signs, packages, receptacles, advertising, sample books, promotional materials, stationery, or other materials in the possession, custody or under the control of Defendants that are found to adopt, infringe, or dilute any of Plaintiff's trademarks or that otherwise unfairly compete with Plaintiff and its products;

D.   Defendants be compelled to account to Plaintiff for any and all profits derived by Defendants from the sale or distribution of the Eat Me printed goods;

E.      Plaintiffs be awarded all damages caused by the acts forming the basis of this complaint;

F.      Based on Defendants' knowing and intentional use of a confusingly similar imitation of Plaintiff's Eat Me branded products together with Defendants' unauthorized use of Plaintiff's Eat Me trademark, the damages awarded be trebled and the award of Defendants' profits be enhanced as provided for by 15 U.S.C. § 1117(a);

G.      Defendants be required to pay to Plaintiff the costs and reasonable attorneys' fees incurred by Plaintiff in this action pursuant to 15 U.S.C. § 1117(a) and to state statutes cited in this Complaint;

H.      Plaintiff be awarded prejudgment interest on all monetary awards; and

I.      For such other and further relief as the Court may deem just and proper.

DATED this 18th day of August, 2020.


                                        s/ William D. Brandt
                                        _____
                                        William D. Brandt, OSB #720366
                                        Attorney for Plaintiff

**Int. Cl.: 28**

**Prior U.S. Cls.: 22, 23, 38 and 50**

**Reg. No. 1,918,151**

## United States Patent and Trademark Office

**Registered Sep. 12, 1995**

### TRADEMARK
### PRINCIPAL REGISTER

### EAT ME

WATSON, ROBERT L., JR. (UNITED STATES CITIZEN), DBA AGUA IMAGES
2108 LAKE VIEW RD.
VISTA, CA 92084

FOR: SPORTING GOODS, NAMELY FISHING LURES AND PARTS THEREOF AND AC-
CESSORIES ATTACHED THERETO, IN CLASS 28 (U.S. CLS. 22, 23, 38 AND 50).

FIRST USE 6–1–1991; IN COMMERCE 6–1–1991.

SER. NO. 74–584,181, FILED 10–11–1994.

W. A. CONN, EXAMINING ATTORNEY



# United States of America
## United States Patent and Trademark Office

# EAT ME LURES

**Reg. No. 3,707,785**
Registered Nov. 10, 2009

**Int. Cl.: 35**

SERVICE MARK
PRINCIPAL REGISTER

BOYER, JOHN (UNITED STATES INDIVIDUAL)
3653 SILVERTON ROAD
SALEM, OR 97305

FOR: ON-LINE RETAIL STORE SERVICES FEATURING FISHING LURES AND PARTS THEREFORE, CONTAINERS AND BAGS THEREFORE, CLOTHING FOR ANGLERS, WEB SITE PROMOTING THE FISHING TOURNAMENTS OF OTHERS BY MEANS OF AN ONLINE EVENTS CALENDAR, IN CLASS 35 (U.S. CLS. 100, 101 AND 102).

FIRST USE 2-8-2000; IN COMMERCE 3-25-2000.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR.

OWNER OF U.S. REG. NOS. 1,918,151 AND 3,125,633.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "LURES", APART FROM THE MARK AS SHOWN.

SER. NO. 77-599,122, FILED 10-23-2008.

ALLISON HALL, EXAMINING ATTORNEY



Director of the United States Patent and Trademark Office

**Int. Cl.: 25**

**Prior U.S. Cls.: 22 and 39**

**Reg. No. 3,125,633**

## United States Patent and Trademark Office

Registered Aug. 8, 2006

### TRADEMARK
### PRINCIPAL REGISTER



WATSON, ROBERT L. (UNITED STATES INDI-
VIDUAL), DBA AGUA IMAGES
1635 SAN LUIS REY AVE.
VISTA, CA 92084

FOR: CLOTHING, NAMELY, T-SHIRTS AND
CAPS, IN CLASS 25 (U.S. CLS. 22 AND 39).

FIRST USE 6-1-1991; IN COMMERCE 6-1-1991.

SER. NO. 78-352,142, FILED 1-14-2004.

RENEE MCCRAY, EXAMINING ATTORNEY

Exhibit C - Page 1 of 1

 

15% off Use SUMMER20. **EXCLUSIONS APPLY. SEE DETAILS.**



☰  | eat me men's clothing

Men    Women    Accessories    Kids &    Home &    Drinkware    Stationery    Stickers &    Occasions    **Deals**
                              Baby      Decor                                Signs

Some items may have longer delivery times due to labs closing per local guidance. Read our
**FAQ** for more info about COVID-19 impacts.

Eat Me > Men

# Eat Me Men's Clothing

| Filter | Personalized |
|--------|--------------|

3,004 RESULTS

## Filter

### Personalized

All
Departments

**∨ Men**

  > T-Shirts

  > Hoodies &
    Sweatshirts

    Pajamas

    Boxer
    Shorts

> Women

> Kids



Crawfish - Eat Me...
(design on back) Light
**$21.50** $32.99



EAT ME Black T-Shirt

**$21.50** $32.99



Eat Me... T-Shirt

**$21.50** $32.99



Excuse me are you going
to eat that Sweatshirt



blue Cheshire Cat T-Shirt



Eat Me Dark T-Shirt

## Filter

Personalized

### All Departments

> Men
> Women
> Kids
> Baby
> Drinkware
> Accessories
> Home & Decor
> Wall Art
> Car Accessories
> Stickers & Signs
> Stationery
> Cases & Covers
> Jewelry
> More Products
> Clearance




**Eat Me... Tote Bag**

**$10.58** ~~$14.99~~



**Eat Me Classic Thong**

**$16.79** ~~$20.99~~



**Just Lick Me Now Tote Bag**

**$10.58** ~~$14.99~~



**Crawfish - Eat Me... Classic Thong**

**$16.79** ~~$20.99~~




**Eat Me Classic Thong**

**$16.79** ~~$20.99~~

**EAT ME Black T-Shirt**

**$15.00** ~~$32.99~~



**No Means Eat Me Out First Jr. Spaghetti Tank**
**$14.99** ~~$29.99~~



**Lost in Wonderland Womens Hooded Shirt**
**$35.99** ~~$44.99~~



**blue Cheshire Cat Round Ornament**
**$14.00** ~~$16.99~~





**Get Exclusive Offers:**

Email Address

Subscribe

☐ By checking this box I certify that as of today I am at least 13 years of age

☐ I agree to use the CafePress.com service in accordance with the Terms of Service and Content Usage Policy.

**Follow CafePress:**

## HELP

FAQs

Returns

Shipping

Track Order

Affiliate Program

Start Selling

Coupons

Become a Brand Ambassador

## ABOUT

About CafePress

Fan Portals

Report an Alleged Infringement

Terms & Conditions

Privacy Notice

Web Accessibility

California Supply Chain Act

Mobile App

Law Offices of

# WILLIAM D. BRANDT, P.C.

503-485-4168 Office
503-364-6735 Fax

494 State Street, Suite 300B
Salem, OR 97301-4384

May 21, 2020

SENT VIA REGULAR MAIL, CERTIFIED
MAIL RETURN RECEIPT, AND ELECTRONIC MAIL

CafePress.com
Attention: Legal Department - Infringement Claims Group
11909 Shelbyville Road
Louisville, KY 40243
        Email:  trademark@cafepress.com

RE:    *Boyer - Eat Me Lures*
       *Trademark Cease and Desist*

Dear Sirs/Madams:

This office represents John Boyer, President of Eat Me Lures, Inc. in Salem, Oregon, and the individual owner of the EAT ME and EAT ME LURES group of marks in the United States. Mr. Boyer has asked that I investigate, and if necessary, prosecute the infringement of his registered trademarks (See Exhibit A). Recently, Mr. Boyer discovered your use of the EAT ME name for t-shirts offered on your site.

Further investigation reveals that you are using the term on your site advertising the mark on clothing. These are the same type of items sold by my client.  Screen shots from the content offered on your website are enclosed (See Exhibit B).  These marks have been in regular use since 1991, were officially registered in 1995, and as such are incontestable.

Under the Lanham Act, a U.S. trademark registration is prima facie evidence of (1) the validity of the registration, (2) the registrant's ownership of the mark, and (3) the registrant's exclusive right to use the mark in commerce. 15 USC § 1057(b); 15 USC § 1115(a). Furthermore, a registered mark that has been in continuous use for five consecutive years subsequent to the date of the registration becomes incontestable. 15 USC § 1065. If the right to use a registered mark has become incontestable, the registration is conclusive evidence of the registrant's exclusive right to use the mark in commerce. 15 USC § 1115(b). This means that the registration of the mark or the right to use it cannot be attacked other than by use of the defenses or defects set forth in 15 USC section 1115(b), such as fraudulent procurement or prior use by another, or unless the mark has become the common (i.e., generic) name of goods or services as provided in 15 USC section 1064(3). Also, registration of a mark provides constructive notice of the registrant's claim of ownership. 15 USC § 1072. Registration removes any defense by a subsequent user of innocent, unknowing infringement and in effect gives national scope to a mark that has been used in only a limited geographic area. *Dawn Donut Co. v. Hart's Food Stores, Inc.*, 267 F2d 358, 362 (2d Cir 1959).

As it appears you do not independently investigate possible infringements on your site, it is possible you have no knowledge of the EAT ME trademark(s).  Our reading of the law on vicarious and contributory trademark infringement leads us to conclude, from our current understanding of the facts and the nature of the relationship with third party users of your site, as evidenced by the Affiliate User Agreement offered on your site, that you are providing infringing goods, with constructive notice of the same, and acting in actual or apparent partnership with the third party affiliates with whom you are in contractual privity, or otherwise acting with willful blindness as you collect fees and then return commissions to infringing

Page 2
May 21, 2020

partners.  See generally, *Inwood Laboratories, Inc v. Ives Laboratories, Inc Darby Drug Co Inc v. Ives Laboratories, Inc*, 456 U.S. 844, 102 S.Ct. 2182, 72 L.Ed.2d 606, 214 USPQ 1 (1982); *Lockheed Martin Corp. v. Network Solutions, Inc.,* 194 F.3d 980 (9th Cir. 1999).

The advertising, manufacture, sale, use, online offering, online distribution, online advertising of the infringing EAT ME mark will most certainly cause confusion in the marketplace.  Likewise the same actions are likely to confuse consumers and imply some affiliation between your online offering and your EAT ME t-shirts and the EAT ME goods and services provided by Mr. Boyer.  As a result, the valuable reputation, goodwill and consumer recognition that Mr. Boyer's EAT ME brand has built over the past nearly three decades could be irreparably damaged.

It is imperative that you stop the use of EAT ME in any manner, so that no confusion will result and no further injury will come to the goodwill associated by Mr. Boyer's services and products, and we want you to stop promptly.

We are confident that ample grounds exist against your underlying third party user, for a successful infringement action under 15 USC 1051 et. seq. We are actively evaluating additional causes of action under State Law for trademark infringement and unfair competition, and recognize the complex field of law applying to vicarious and contributory infringement.

As you likely know once an infringement is located it is incumbent upon the trademark owner to take steps to halt the erosion of the distinctiveness of their mark.  With that in mind, understand that - if given a choice - Mr. Boyer prefers to resolve this sort of conflict with the least disruption to the businesses of all parties.

Whatever the case, this letter is being sent to you to formally demand that you cease and desist from using these marks and any other potentially confusing mark on your site, or any products, services, in advertising or on the internet by your contractual partners.   As your service shields us from ascertaining the underlying entity, to the extent they are legally distinct from you in offering infringing products, demand is also made for you to a) immediately identify to this office any entities using your site to infringe on our client's marks b) remove the offending offerings from your site c) cancel and or halt all orders in process for infringing products, and d) advise any underlying entity of the existence of this infringement claim, and of your actions set forth a) - c) immediately above.

In short, you and all affiliates, parent companies, subsidiaries, agents and/or employees acting in concern with the provision of products and advertisements displaying the EAT ME mark immediately cease and desist from any such infringement whether by manufacture, use, advertising, distribution and/or sale involving the EAT ME or similar mark.

**NOTE:  We have chosen NOT to demand a strict account of profits for all service, goods or your other infringing uses of the EAT ME marks at this time.  However, we reserve the right to make such a demand if we deem it necessary.**

It is not Mr. Boyer's intent to injure your business or cause you unnecessary losses. It is his intent to halt further infringement of the EAT ME trademarks.  If you are cooperative, your cooperation will be given great weight in shaping our decisions on the next steps to take in this matter.

Page 3
May 21, 2020


We request you contact me at the above telephone number in order to state your intentions.  Please be prepared to formally notify us of the extent of the use of the EAT ME and related trademarks.

In summary, we believe yours and your affiliates' use of EAT ME is a clear infringement of Mr. Boyer's trademarks.  It is imperative you stop this infringement as promptly  as possible and contact me in order to discuss a reasonable period to completely cease all use.  Your cooperation is greatly appreciated, and we look forward to hearing from you no later than June 3, 2020.

Please acknowledge receipt of this correspondence.

Very truly yours,

*William D. Brandt*

William D. Brandt

tls
Enclosures
cc      Client